ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| BANCO POPULAR DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>LUIS FRANCISCO DE LA VEGA PRIFILIO T/C/C LUIS FRANCISCO DE LA VEGA TRIFILIO; BRENDA FERNÁNDEZ MONTES Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios | KLCE202400353 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D CD2026-0422<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de abril de 2024.

Comparece Luis Francisco de la Vega Trifilio, Brenda Fernández Montes y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, peticionarios), mediante un recurso de *Certiorari*, para solicitarnos la revisión de la *Resolución* emitida el 27 de noviembre de 2023, y notificada el 7 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI).[1] Mediante la *Resolución* recurrida, el foro primario denegó una solicitud presentada por los peticionarios para que se les entregara el original de un pagaré y ordenó la devolución de la suma de $150,000.00 previamente consignados por estos.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

---

[1] Apéndice del recurso, a las págs. 84-86.

Número Identificador

RES2024_____

El caso ante nuestra consideración versa sobre una acción de cobro de dinero y ejecución de hipoteca por la vía ordinaria presentada contra los aquí peticionarios. En lo pertinente, del expediente judicial ante nuestra consideración se desprende que no existe controversia de que el 16 de marzo de 2022, el tribunal *a quo* autorizó la consignación de $150,000.00 dólares,[2] solicitada por los peticionarios, luego de que el Banco Popular de Puerto Rico (en adelante, recurrido) no fijara oportuna posición a una *Moción Sobre Consignación*.[3] De ahí, tras varios incidentes procesales, el 9 de junio de 2023, los peticionarios presentaron una *Moción Solicitando Orden*.[4] En su escrito, solicitaron al TPI que ordenara al recurrido a entregar el pagaré hipotecario objeto de este caso, de conformidad a lo solicitado en la aludida *Moción sobre Consignación*. Por su parte, el recurrido se opuso.[5]

Así las cosas, el 27 de noviembre de 2023, el foro primario emitió la *Resolución* recurrida, notificándose la misma el 7 de diciembre de 2023. En la referida *Resolución*, el TPI declaró *Sin Lugar* la solicitud de los peticionarios para que se les entregara el original del pagaré objeto de este caso. En síntesis, el tribunal *a quo* concluyó que la consignación fue autorizada sin el análisis requerido, más bien, se tomó esta determinación en aquel momento, por el simple hecho de que el recurrido no compareció oportunamente a presentar su postura.

En la *Resolución*, el TPI expresó, además, lo siguiente:

Tomando en consideración que: a) el expediente del caso no refleja que la parte demandante haya aceptado el ofrecimiento de la suma consignada, como pago total de la obligación de la parte demandada en este caso; b) que el tribunal no ha tomado una determinación a los efectos de que lo consignado es suficiente para saldar la obligación de la parte demandada en el caso, no procede en este momento la entrega del pagaré.

---

[2] *Id.,* a la pág. 55.
[3] *Id.,* a las págs. 48-53.
[4] *Id.,* a las págs. 65-67.
[5] *Id.,* a las págs. 68-72.

Tal análisis judicial era requerido para que el Tribunal pudiese declarar la consignación bien hecha en derecho, acto que no sucedió al Tribunal preterir el análisis correspondiente requerido, aún cuando determinó Con Lugar la petición de consignación, por el mero hecho del acreedor no haber comparecido en tiempo a oponerse.[6]

Insatisfechos con lo resuelto, el 22 de diciembre de 2023, los peticionarios presentaron una solicitud de reconsideración, a la cual se opuso el recurrido. En respuesta, mediante dictamen intitulado *Órdenes*, emitido el 12 de febrero de 2024, y notificado el 22 de febrero de 2024, el tribunal *a quo* denegó la solicitud de reconsideración y, en síntesis, ordenó la continuación de los procedimientos.

Insatisfechos aún, el 25 de marzo de 2024, los peticionarios presentaron el recurso de *Certiorari* ante nos, en el cual nos plantean como único error, que el TPI incidió al emitir una Resolución "Motu Proprio" ante la falta del recurrido de cumplir con los términos establecidos para responder a los recursos presentados ante el foro primario.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[7] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos al recurrido de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Evaluado el recurso *de Certiorari* y el expediente en su totalidad, así como el derecho aplicable, este Tribunal concluye que los peticionarios no lograron establecer que el foro primario hubiese incurrido en error alguno, que justifique nuestra intervención en este caso. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de

---

[6] Apéndice del recurso, a las págs. 84-85.
[7] 4 LPRA Ap. XXII-B, R.7 (B)(5).

las de Procedimiento Civil,[8] así como de la Regla 40 del Reglamento de este Tribunal,[9] resolvemos *denegar* la expedición del auto de *Certiorari*.

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] 32 LPRA Ap. V, R. 52.1.
[9] 4 LPRA Ap. XXII-B, R.40.